O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY CHRISTOPHER BRANDON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LOS ANGELES COUNTY<br>SUPERIOR COURT, et al.,<br><br>　　　　Respondents. | NO. CV 15-2187-CAS (MAN)<br><br>ORDER:  DISMISSING PETITION;<br>DENYING A CERTIFICATE OF<br>APPEALABILITY; AND REFERRING<br>PETITION TO NINTH CIRCUIT PURSUANT<br>TO NINTH CIRCUIT RULE 22-3(a) |

　　　　Petitioner, a California state prisoner, filed a "Petition For Writ Of Error Coram Vobis[*sic*]" on March 24, 2015 ("Petition").  The Petition is the third action Petitioner has filed in this Court challenging his 2002 Los Angeles County Superior Court conviction and sentence (the "State Conviction" or "State Sentence").

　　　　Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, 28 U.S.C. foll. § 2254.  For the reasons set forth below, Petitioner may not seek a writ of error coram nobis, and in fact, the instant Petition is an unauthorized second or successive attempt to obtain habeas relief pursuant to 28 U.S.C. § 2254.

Accordingly, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b).

## DISCUSSION

On November 21, 2002, following a jury trial, Petitioner was convicted of one count of committing a lewd act upon a child under the age of 14 (California Penal Code § 288(a), Count 1), and one count of failure to register as a sex offender (California Penal Code § 290(g)(2), Count 2). The jury also found true the allegations that, in 1992, Petitioner was convicted of another Section 288(a) offense as well as a violation of California Penal Code § 245(c) (assault on a peace officer or firefighter). On December 19, 2002, the trial court sentenced Petitioner to a total term of 55 years to life in state prison.[1]

While his direct appeal was pending in the state courts, Petitioner filed a Section 2254 habeas petition in this Court, in Case No. CV 02-9396-CAS (MAN) (the "2002 Action"). The 2002 Action challenged the State Conviction and State Sentence  On December 18, 2002, the 2002 Action was dismissed without prejudice on the grounds, *inter alia*, that it was premature and Petitioner's claims were not exhausted.

On December 20, 2012, Petitioner filed a second Section 2254 habeas petition in this Court, in Case No. CV 12-10877-CAS (MAN) (the "2012 Action"). The 2012 Action again challenged the State Conviction and State Sentence. On March 6, 2014, the 2012 Action was dismissed with prejudice on the ground that it was untimely. Petitioner appealed, and on October 27, 2014, the Ninth Circuit denied a certificate of appealability (Case No. 14-55610).

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in Petitioner's prior actions in this district, as well as of the dockets for the United States Court of Appeals for the Ninth Circuit available electronically through the PACER system.

On April 10, 2014, Petitioner filed an application in the Ninth Circuit seeking leave to file a second or successive habeas petition in this Court, raising the same claims alleged in the instant Petition. Petitioner filed related motions on April 28, 2014, and July 11, 2014, including the same "Ex Parte Motion for Correction of Error, And Reduction of Aggravation Factor . . ." filed in this action on March 24, 2015. On July 31, 2014, the Ninth Circuit denied the application (Case No. 14-71052).

The instant Petition again challenges Petitioner's State Conviction and State Sentence. Petitioner asserts, *inter alia*, that he is actually innocent, he received ineffective assistance from counsel, a *Brady* violation occurred, the trial judge committed fraud, and sentencing error occurred. Petitioner apparently believes that he is entitled to raise these claims through a petition for writ of error coram nobis, even though he is time-barred from pursuing Section 2254 habeas relief and the Ninth Circuit has denied him permission to raise his claims in a second or successive Section 2254 habeas petition. Petitioner is mistaken.

"*Coram nobis* is an extraordinary writ that usually is available only to petitioners who have fully served their sentences" and may issue under the All Writs Act, 28 U.S.C. § 1651(a). United States v. Monreal, 301 F.3d 1127, 1131-32 (9th Cir. 2002). The writ may be issued by a federal court only with respect to a federal criminal sentence. *See* Yasui v. United States, 772 F.2d 1496, 1498 (9th Cir. 1985) ("The writ of error *coram nobis* fills a void in the availability of post-conviction remedies in federal criminal cases."); Hensley v. Municipal Court, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972) (holding that, even though habeas jurisdiction was lacking, a petition could not be treated as "one seeking coram nobis because [petitioner] seeks to challenge a state court proceeding in federal court" and "[c]oram nobis lies only to challenge errors occurring in the same court"), *rev'd on other grounds* 411 U.S. 345, 93 S. Ct. 1571 (1973).[2]

---

[2] "It is well settled that the writ of error coram nobis is not available in federal court to attack state criminal judgments." Sinclair v. State of Louisiana, 679 F.2d 513, 514 (5th Cir. 1982); *see also* Lowery v. United States, 954 F.2d 422, 423 (7th Cir. 1992) (holding that Section

Through the instant Petition, Petitioner seeks to directly challenge his 2002 State Conviction and State Sentence by asking that it be reviewed and vacated by a federal court pursuant to a writ of error coram nobis. For the reasons noted above, this Court has no power to grant coram nobis relief to Petitioner. His federal remedy with respect to his 2002 State Conviction and State Sentence was provided by 28 U.S.C. § 2254. His exercise of that remedy failed, because it was time-barred.

In United States v. Valdez-Pacheco, 237 F.3d 1077, 1079-80 (9th Cir. 2001), the Ninth Circuit observed that common law writs, such as coram nobis and audita querela, may be utilized only when they serve to fill a "gap" in the statutory system of post-conviction relief. The Ninth Circuit found that audita querela was unavailable when the prisoner's claims originally could have been raised pursuant to a 28 U.S.C. § 2255 motion, notwithstanding the fact that the Section 2255 remedy was no longer available to him based on the limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") regarding second or successive motions. "A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs." Id. at 1080. The same reasoning would apply to Petitioner's coram nobis claims here, given the earlier availability to him of Section 2254 relief, whether or not he exercised it on a timely basis. See Monreal, 301 F.3d at 1132 (finding that a federal prisoner could not bring a coram nobis petition on the ground that his 28 U.S.C. § 2255 remedy was time-barred, concluding that a prisoner "'may not resort to coram nobis merely because he has failed to meet the AEDPA's gatekeeping requirements'"; citation omitted); and Matus-Leyva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (rejecting argument that federal prisoner could resort to coram nobis because

---

1651(a) does not permit use of the writ of error coram nobis to "set aside a judgment rendered by another court"); Cavett v. Ellis, 578 F.2d 567, 569 n.4 (5th Cir. 1978) (observing that the writ can be issued only by the original sentencing court and, therefore, is unavailable in federal courts to review state court decisions); Rivenburgh v. State of Utah, 299 F.2d 842, 843 (10th Cir. 1962) (coram nobis "cannot be used as a substitute for habeas corpus or as a collateral writ of error between state and federal jurisdictions").

4

his Section 2255 motion would be time-barred and opining: "To hold otherwise would circumvent the AEDPA's overall purpose of expediting the presentation of claims in federal courts and enable prisoners to bypass the limitations and successive petitions provisions.").

Accordingly, Petitioner may not seek to challenge his State Conviction and State Sentence by way of petition for writ of error coram nobis. Even were the Court to construe the Petition as one brought under Section 2254, however, it is plain that summary dismissal cannot be avoided.

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must ***first*** obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 127 S. Ct. 793, 796 (2007).

As noted above, the 2012 Action was dismissed with prejudice, because it was untimely. The untimeliness of the 2012 Action "presents a 'permanent and incurable' bar to federal review," and the dismissal of the 2012 Action "constitutes a disposition on the merits" for purposes of Section 2244(b). McNabb, 576 F.3d at 1030 (citation omitted). The present Petition, thus, is

second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003).

There is no evidence in the record that Petitioner has obtained permission from the Ninth Circuit to bring the current second or successive Petition in this Court, as required by Section 2244(b)(3). Indeed, the record shows that the Ninth Circuit denied such permission on July 31, 2014. In any event, whether or not the claims alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.[3]

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

///
///

---

[3] As the Court lacks jurisdiction over this action, it also lacks jurisdiction to consider the "Ex Parte Motion for Correction of Error . . ." filed by Petitioner on March 24, 2015.

IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22–3(a).

IT IS SO ORDERED.

DATED: April 2, 2015.

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

SUBMITTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE